[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10502
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00469-UA-DNF

LEONARD ACCARDI,

Plaintiff-Appellant,

versus

EMS TECHNOLOGIES, INC.,
a Georgia corporation, et al.,

Defendants,

EMS AVIATION, INC.,
f/d/b/a Formation, Inc., a
New Jersey corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 23, 2012)

Before CARNES, WILSON, and HILL, Circuit Judges:

PER CURIAM:

This is an appeal from the grant of defendant/appellee's, EMS Aviation, Inc., f/d/b/a Formation, Inc. (Formation), motion for summary judgment, and the denial of plaintiff/appellant's, Leonard Accardi (Accardi), motion for summary judgment. This diversity appeal involves an alleged breach of contract, i.e., a consulting agreement (Consulting Agreement), between Accardi and his former employer, Formation.

In 2006, Accardi signed the Consulting Agreement with Formation. It stated that Accardi would work 20-30 hours per month, in exchange for $2,000 per month, plus a 2% commission on sales for which he provided "sales coverage." The Consulting Agreement contained a termination clause: "There is no term for this consultancy agreement and either party can, acting in good faith, terminate with a 30-day written notice. Commissions earned on sales completed prior to termination will continue for a period of six months."

Both parties agree that Accardi acquired two new and substantial clients for Formation, Aircell and Row 44, during his consultancy. Accardi concedes that he received all commissions for sales to Aircell and Row 44, during his tenure.

2

In 2008, Formation determined that Aircell and Row 44, as valued clients, needed full-time, not part-time attention.  The company hired Kin Seto, as Vice President of Business Development and Marketing in November 2008, to take responsibility for the Aircell and Row 44 accounts.  Formation decided to terminate Accardi.

In accordance with the terms of the Consulting Agreement, on November 24, 2008, Formation gave written notice to Accardi, terminating his consultancy, effective December 24, 2008.  It acknowledged that sales made by Accardi and completed prior to December 24, 2008, would continue for a period of six months.

At the time, Accardi did not challenge the termination.  He continued to receive his residual commission payments as contemplated by the Consulting Agreement.

In July 2010, Accardi filed suit against Formation, alleging that Formation breached the Consulting Agreement by refusing to pay future commissions and by terminating in bad faith.[1]  The district court concluded that Accardi had failed to establish any of his claims, and there were no genuine issues of material fact, precluding summary judgment in favor of Formation.  We agree.

---

[1] Accardi also claimed a breach of the implied duty of good faith and fair dealing.

3

We have reviewed the record in this appeal, the briefs and the arguments of counsel.  Finding no error, we affirm the judgment of the district court.

AFFIRMED.